UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

H-14-2

**FILED**

2016 JAN 28 ⊓ 4: 33

US DISTRICT COURT
HARTFORD CT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16CR 19 (Avc) |
| | : | |
| v. | : | |
| | : | |
| DAVID GIL-GRANDE, | : | VIOLATIONS: |
| ANTHONY SHELTON, a.k.a. "Pretty," | : | 21 U.S.C. § 846 (Conspiracy to Distribute |
| GERARD BROWN, a.k.a. "Gerald Brown" | : | and to Possess with Intent to Distribute |
| and "Goldie," | : | Narcotics) |
| TREVON TERRY, a.k.a. "B.J.," | : | |
| NORKA SANCHEZ, | : | 21 U.S.C. § 841(a)(1) (Possession and |
| LUIS CRUZ, a.k.a. "Gordo," | : | Distribution of Narcotics) |
| LONNIE ARNOLD, | : | |
| NATISHA BROWN, | : | 21 U.S.C. § 843(b) (Use of a Telephone to |
| EUGENE McCLARY, a.k.a. "Chalk," | : | Facilitate a Drug-Trafficking Felony) |
| CHARLES MORELAND, a.k.a. "Chuck," | : | |
| JIMMIE SMITH, a.k.a. "Prime," | : | 18 U.S.C. § 922(g)(1) (Felon in Possession |
| WILLIAM BRASWELL, a.k.a. "Skills," | : | of a Firearm) |
| "Bubba Skillet" and "Handsome" | : | |
| DION SMITH, a.k.a. "Uncle Block, | : | 18 U.S.C. § 931(a) (Violent Felon in |
| RICHARD DURRANT, a.k.a. "Face," | : | Possession of Body Armor) |
| JULIUS NELSON, | : | |
| ANTHONY McKENZIE, | : | 18 U.S.C. § 2 (Aiding and Abetting) |
| ANDRE CARTAGENA, | : | |
| HERIBERTO LEBRON, | : | 21 U.S.C. § 853 (Criminal Forfeiture) |
| CARLOS RIVERA, a.k.a. "Los," and | : | |
| ROBERT JONES, a.k.a "Y.O." | : | |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Distribute and to Possess With Intent to Distribute Narcotics)

1.     From approximately April 2015 through January 21, 2016, the exact dates being

unknown to the Grand Jury, in the District of Connecticut and elsewhere, defendants DAVID

GIL-GRANDE, ANTHONY SHELTON, a.k.a. "Pretty," GERARD BROWN, a.k.a. "Gerald

Brown" and "Goldie,"  TREVON TERRY, a.k.a. "B.J.," NORKA SANCHEZ, LUIS CRUZ, a.k.a. "Gordo," LONNIE ARNOLD, NATISHA BROWN,  EUGENE McCLARY, a.k.a. "Chalk," CHARLES MORELAND, a.k.a. "Chuck," JIMMIE SMITH, a.k.a. "Prime," WILLIAM BRASWELL, a.k.a. "Skills," a.k.a. "Bubba Skillet" and "Handsome," DION SMITH, a.k.a. "Uncle Block," RICHARD DURRANT, a.k.a. "Face," together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

2.    It was a part and an object of the conspiracy that defendants GIL-GRANDE, SHELTON, GERARD BROWN, TERRY, SANCHEZ, CRUZ, ARNOLD, NATISHA BROWN, McCLARY, MORELAND, JIMMIE SMITH, BRASWELL, DION SMITH, and DURRANT, together with others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

QUANTITY OF NARCOTICS INVOLVED IN THE CONSPIRACY

3.    With respect to defendants GIL-GRANDE, SHELTON, GERARD BROWN, TERRY, and SANCHEZ, their conduct as members of the narcotics conspiracy charged in Count One, which includes the readily foreseeable conduct of other members of the conspiracy charged in Count One, involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii).

4.    With respect to defendants GIL-GRANDE, SHELTON, GERARD BROWN, and TERRY, their conduct as members of the narcotics conspiracy charged in Count One, which includes the readily foreseeable conduct of other members of the conspiracy charged in Count

2

One, involved 280 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(iii).

5. With respect to defendants CRUZ, ARNOLD, NATISHA BROWN, McCLARY, MORELAND, and JIMMIE SMITH, their conduct as members of the narcotics conspiracy charged in Count One, which includes the readily foreseeable conduct of other members of the conspiracy charged in Count One, involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii), and 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

6. With respect to defendants BRASWELL, DION SMITH, and DURRANT, their conduct as members of the narcotics conspiracy charged in Count One, which includes the readily foreseeable conduct of other members of the conspiracy charged in Count One, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C), and a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

<u>COUNT TWO</u>
(Possession with Intent to Distribute and Distribution of a Controlled Substance)

7. On or about August 28, 2015, in the District of Connecticut, defendants ANTHONY SHELTON, a.k.a. "Pretty," and GERARD BROWN, a.k.a. "Gerald Brown" and

"Goldie," knowingly and intentionally possessed with intent to distribute and distributed a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT THREE
(Possession with Intent to Distribute and Distribution of a Controlled Substance)

8.      On or about August 28, 2015, in the District of Connecticut, defendants ANTHONY SHELTON, a.k.a. "Pretty," and GERARD BROWN, a.k.a. "Gerald Brown" and "Goldie," knowingly and intentionally possessed with intent to distribute and distributed a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FOUR
(Possession with Intent to Distribute and Distribution of a Controlled Substance)

9.      On or about September 3, 2015, in the District of Connecticut, defendant ANTHONY SHELTON, a.k.a. "Pretty," knowingly and intentionally possessed with intent to distribute and distributed a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIVE
(Possession with Intent to Distribute and Distribution of a Controlled Substance)

10.     On or about September 16, 2015, in the District of Connecticut, defendant

4

ANTHONY SHELTON, a.k.a. "Pretty," knowingly and intentionally possessed with intent to distribute and distributed a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX
(Possession with Intent to Distribute and Distribution of a Controlled Substance)

11. On or about September 24, 2015, in the District of Connecticut, defendant GERARD BROWN, a.k.a. "Gerald Brown" and "Goldie," knowingly and intentionally possessed with intent to distribute and distributed a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVEN
(Possession with Intent to Distribute and Distribution of a Controlled Substance)

12. On or about October 1, 2015, in the District of Connecticut, defendants GERARD BROWN, a.k.a. "Gerald Brown" and "Goldie," and TREVON TERRY, a.k.a. "B.J.," knowingly and intentionally possessed with intent to distribute and distributed 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii) and Title 18, United States Code, Section 2.

## COUNT EIGHT
(Possession with Intent to Distribute and Distribution of a Controlled Substance)

13. On or about October 9, 2015, in the District of Connecticut, defendant ANTHONY SHELTON, a.k.a. "Pretty," knowingly and intentionally possessed with intent to distribute and

distributed a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT NINE
(Possession with Intent to Distribute and Distribution of a Controlled Substance)

14. On or about October 15, 2015, in the District of Connecticut, defendant GERARD BROWN, a.k.a. "Gerald Brown" and "Goldie," knowingly and intentionally possessed with intent to distribute and distributed a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT TEN
(Possession with Intent to Distribute and Distribution of a Controlled Substance)

15. On or about October 22, 2015, in the District of Connecticut, defendant GERARD BROWN, a.k.a. "Gerald Brown" and "Goldie," knowingly and intentionally possessed with intent to distribute and distributed a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT ELEVEN
(Possession with Intent to Distribute and Distribution of a Controlled Substance)

16. On or about November 2, 2015, in the District of Connecticut, defendant GERARD BROWN, a.k.a. "Gerald Brown" and "Goldie," knowingly and intentionally possessed with intent to distribute and distributed a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWELVE
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

17.     On or about November 9, 2015, in the District of Connecticut, defendant ANDRE CARTAGENA, knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base ("crack cocaine"), a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTEEN
(Possession with Intent to Distribute a Controlled Substance)

18.     On or about November 9, 2015, in the District of Connecticut, defendant ANDRE CARTAGENA knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOURTEEN
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

19.     On or about November 9, 2015, in the District of Connecticut, defendant HERIBERTO LEBRON, knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base ("crack cocaine"), a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT FIFTEEN
(Possession with Intent to Distribute a Controlled Substance)

20.    On or about November 9, 2015, in the District of Connecticut, defendant HERIBERTO LEBRON knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIXTEEN
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

21.    On or about November 11, 2015, in the District of Connecticut, defendant CARLOS RIVERA, a.k.a. "Los," knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base ("crack cocaine"), a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT SEVENTEEN
(Possession with Intent to Distribute a Controlled Substance)

22.    On or about November 11, 2015, in the District of Connecticut, defendant CARLOS RIVERA, a.k.a. "Los," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

8

<u>COUNT EIGHTEEN</u>
(Possession with Intent to Distribute and Distribution of a Controlled Substance)

23.    On or about November 12, 2015, in the District of Connecticut, defendant ANTHONY SHELTON, a.k.a. "Pretty," knowingly and intentionally possessed with intent to distribute and distributed a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

<u>COUNT NINETEEN</u>
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

24.    On or about November 13, 2015, in the District of Connecticut, defendant ANDRE CARTAGENA knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base ("crack cocaine"), a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

<u>COUNT TWENTY</u>
(Possession with Intent to Distribute a Controlled Substance)

25.    On or about November 13, 2015, in the District of Connecticut, defendant ANDRE CARTAGENA knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-ONE
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

26.    On or about November 14, 2015, in the District of Connecticut, defendant ANTHONY McKENZIE knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base ("crack cocaine"), a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-TWO
(Possession with Intent to Distribute a Controlled Substance)

27.    On or about November 14, 2015, in the District of Connecticut, defendant ANTHONY McKENZIE knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-THREE
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

28.    On or about November 18, 2015, in the District of Connecticut, defendant ANTHONY McKENZIE knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base ("crack cocaine"), a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-FOUR
(Possession with Intent to Distribute a Controlled Substance)

29.    On or about November 18, 2015, in the District of Connecticut, defendant ANTHONY McKENZIE knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-FIVE
(Possession with Intent to Distribute of a Controlled Substance)

30.    On or about November 18, 2015, in the District of Connecticut, defendant GERARD BROWN, a.k.a. "Gerald Brown" and "Goldie," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-SIX
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

31.    On or about November 20, 2015, in the District of Connecticut, defendant CARLOS RIVERA, a.k.a. "Los," knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base ("crack cocaine"), a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

11

## COUNT TWENTY-SEVEN
(Possession with Intent to Distribute a Controlled Substance)

32.   On or about November 20, 2015, in the District of Connecticut, defendant CARLOS RIVERA, a.k.a. "Los," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-EIGHT
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

33.   On or about December 8, 2015, in the District of Connecticut, defendant ROBERT JONES, a.k.a. "Y.O.," knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base ("crack cocaine"), a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-NINE
(Possession with Intent to Distribute a Controlled Substance)

34.   On or about December 8, 2015, in the District of Connecticut, defendant ROBERT JONES, a.k.a. "Y.O.," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTY
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

35. On or about December 16, 2015, in the District of Connecticut, defendant ROBERT JONES, a.k.a. "Y.O.," knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTY-ONE
(Possession with Intent to Distribute a Controlled Substance)

36. On or about December 16, 2015, in the District of Connecticut, defendant ROBERT JONES, a.k.a. "Y.O.," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTY-TWO
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

37. On or about December 27, 2015, in the District of Connecticut, defendant JULIUS NELSON knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTY-THREE
(Possession with Intent to Distribute a Controlled Substance)

38.     On or about December 27, 2015, in the District of Connecticut, defendant JULIUS NELSON knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTY-FOUR
(Possession with Intent to Distribute and Distribution of a Controlled Substance)

39.     On or about December 30, 2015, in the District of Connecticut, defendant GERARD BROWN, a.k.a. "Gerald Brown" and "Goldie," knowingly and intentionally possessed with intent to distribute and distributed a mixture and substance containing 28 grams or more of a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## COUNT THIRTY-FIVE
(Possession with Intent to Distribute and Distribution of a Controlled Substance)

40.     On or about January 13, 2016, in the District of Connecticut, defendant GERARD BROWN, a.k.a. "Gerald Brown" and "Goldie," knowingly and intentionally possessed with intent to distribute and distributed a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTY-SIX
(Possession with Intent to Distribute and Distribution of a Controlled Substance)

41.     On or about January 20, 2016, in the District of Connecticut, defendant ANTHONY SHELTON, a.k.a. "Pretty," knowingly and intentionally possessed with intent to distribute and distributed a mixture and substance containing a detectable amount of cocaine base

14

("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTY-SEVEN
(Felon in Possession of a Firearm)

42.     On or about January 21, 2016, in the District of Connecticut, defendant

ANTHONY SHELTON, a.k.a. "Pretty," having been convicted in the Superior Court of the State

of Connecticut of crimes punishable by imprisonment exceeding one year, that are: 1) Assault on

Law Enforcement Personnel, in violation of Conn. Gen. Stat. § 53a-167c, on January 7, 2003; 2)

Assault in the First Degree, in violation of Conn. Gen. Stat. § 53a-59(a)(3) and Assault on Law

Enforcement Personnel, in violation of Conn. Gen. Stat. § 53a-167c, on January 7, 2003; 3) Sale of

Hallucinogens/Narcotics, in violation of Conn. Gen. Stat. § 21-277(a), on January 7, 2003; and 4)

Sale of Hallucinogens/Narcotics, in violation of Conn. Gen. Stat. § 21-277(a), on August 20, 2012,

did knowingly possess in and affecting interstate commerce a firearm, to wit, (1) one Taurus,

Model PT 24/7 PRO D8, 9 mm semi-automatic pistol, bearing serial number TCN1053, which

had been shipped and transported in interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

## COUNT THIRTY-EIGHT
(Possession of Body Armor by a Violent Felon)

43.     On or about January 21, 2016, in the District of Connecticut, defendant

ANTHONY SHELTON, a.k.a. "Pretty," having been convicted in the Superior Court of the State

of Connecticut of a felony crime of violence, as defined in Title 18, United States Code, Section

16, that is, Assault in the First Degree, in violation of Conn. Gen. Stat. § 53a-59(a)(3), on January

7, 2003, did knowingly possess in and affecting interstate commerce, body armor, to wit, one Cage

Armor Vest, bearing serial number 8470-01-597-9788, which had been shipped and transported in

15

interstate commerce.

In violation of Title 18, United States Code, Sections 931(a) and 924(a)(7)

### FORFEITURE ALLEGATION
(Controlled Substance Offenses)

44.    Upon conviction of one or more of the controlled substance offenses alleged in Counts One through Thirty-Six of this Indictment, defendants DAVID GIL-GRANDE, ANTHONY SHELTON, a.k.a. "Pretty," GERARD BROWN, a.k.a. "Gerald Brown" and "Goldie," TREVON TERRY, a.k.a. "B.J.," NORKA SANCHEZ, LUIS CRUZ, a.k.a. "Gordo," LONNIE ARNOLD, NATISHA BROWN,   EUGENE McCLARY, a.k.a. "Chalk," CHARLES MORELAND, a.k.a. "Chuck," JIMMIE SMITH, a.k.a. "Prime," WILLIAM BRASWELL, a.k.a. "Skills," a.k.a. "Bubba Skillet" and "Handsome," DION SMITH, a.k.a. "Uncle Block," RICHARD DURRANT, a.k.a. "Face," JULIUS NELSON, ANTHONY McKENZIE, ANDRE CARTAGENA, HERIBERTO LEBRON, CARLOS RIVERA, a.k.a. "Los," and ROBERT JONES, a.k.a "Y.O.," shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the said violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses, including, but not limited to, the following:

Currency:

A)    approximately $92,174 in United States currency seized on January 6, 2016, from the 2006 Infiniti G35 bearing Connecticut Registration AC24218 2013, which was

16

in the possession of NORKA SANCHEZ;

B)      approximately $19,487.76 in United States currency seized on January 21, 2016, from the premises at 708 Church Street, Apartment #1, Newington, Connecticut, and the possession of TREVON TERRY, a.k.a. "B.J.";

C)      approximately $9,784 in United States currency seized on January 21, 2016 from the premises at 73 Wells Street, Manchester, Connecticut;

D)      approximately $2,693 in United States currency seized on January 21, 2016 from the possession of GERARD BROWN, a.k.a. "Gerald Brown" and "Goldie"; and

E)      approximately $32,673 in United States currency seized on January 22, 2016, from the possession of ANTHONY SHELTON, a.k.a. "Pretty";

Vehicles:

A)      2006 Infiniti G35 bearing Connecticut Registration: AC24218 and VIN: JNKCV51F66M608085, which is registered to NORKA SANCHEZ; and

B)      2006 Audi A6, bearing Connecticut Registration: 2ZXFE1 and VIN: WAUKH74F96N113625, which is registered to ANTHONY SHELTON, a.k.a. "Pretty."

Jewelry:

A)      Gold diamond chain with Jesus medallion, a diamond ring and Rayalty diamond watch seized on January 22, 2016 from the possession of ANTHONY SHELTON, a.k.a. "Pretty"; and

B)      Gold necklace with "BJ" medallion and Joe Rodeo watch seized on January 21, 2016 from the possession of TREVON TERRY, a.k.a. "B.J."

If any of the above-described forfeitable property, as a result of any act or omission of the

17

defendants named in this Indictment: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or disposed with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said defendants up to the value of the above-described forfeitable property.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## FORFEITURE ALLEGATION
(Firearm Offenses)

45.     Upon conviction of any of the offenses alleged in Counts Thirty-Seven or Thirty-Eight of this Indictment, defendant ANTHONY SHELTON, a.k.a. "Pretty," shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms, ammunition, and body armor involved in the commission of the offenses, including but not limited to the following:

(1)     one Taurus, Model PT 24/7 PRO D8, 9 mm semi-automatic pistol, bearing serial number TCN1053, and

(2)      Cage Armor Vest, bearing serial number 8470-01-597-9788.

A TRUE BILL

/s/
FOREPERSON

UNITED STATES ATTORNEY

DEIRDRE M. DALY
UNITED STATES ATTORNEY

BRIAN P. LEAMING
ASSISTANT UNITED STATE ATTORNEY

19